Filed 5/30/25  P. v. Drake CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GRIFFIN DRAKE,<br><br>    Defendant and Appellant. | H052467<br>(Monterey County<br>Super. Ct. No. 23CR009517) |

Defendant Griffin Drake pleaded no contest to converting a firearm into a machinegun and possession of a silencer.  He also admitted he had suffered a prior conviction for a serious and violent felony, and that he was out of custody on bail or his own recognizance at the time of the offense.  The trial court imposed a sentence of 17 years four months in state prison.

We appointed counsel, who filed an opening brief stating the case and the facts but raising no specific issues.  We notified Drake of his right to submit written argument on his own behalf within 30 days, and we received no response.

We reviewed the entire record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  (See also *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*).)  We conclude there is no arguable issue on appeal.

We affirm the judgment.

# I.  FACTUAL AND PROCEDURAL BACKGROUND

## A.  *Procedural Background*

The prosecution charged Drake with 11 counts:  counts 1 and 2—converting a firearm into a machinegun (Pen. Code, § 32625, subd. (b))[1]; counts 3 and 4—possession of a machinegun (§ 32625, subd. (a)); counts 5 and 6—possession of a firearm as a felon (§ 29800, subd. (a)(1)); count 7—possession of a silencer (§ 33410); counts 8 and 9—causing a firearm to be carried concealed within a vehicle in which Drake was an occupant (§ 25400, subd. (a)(3)); count 10—carrying a dirk or dagger (§ 21310); and count 11—possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). The prosecution alleged Drake had suffered a prior conviction for a serious or violent felony offense (§ 667, subd. (d)) and that he was release on bail or his own recognizance at the time he committed the offenses charged in counts 1 through 6.

In exchange for a sentence of 17 years four months in prison, Drake pleaded no contest to counts 1 and 7, and he admitted the special allegations.  He further admitted the case involved planning and sophistication.  (Cal. Rules of Court, rule 4.425(a)(8).)  In June 2024, the trial court imposed the agreed upon sentence of 17 years four months, equal to double the upper term of eight years on count 1 and a consecutive term of 16 months on count 7.  The court found Drake had waived all credits for presentence time served.

Drake timely appealed.  He did not request a certificate of probable cause.

## B.  *Facts of the Offense*

According to the summary of the offense in the probation report, police approached a parked vehicle that was partially blocking a handicap stall, whereupon Drake got out of the passenger's side of the vehicle.  He closed and locked the door of the vehicle, which was still running at the time.  Police searched Drake's person and found a

---

[1] Subsequent undesignated statutory references are to the Penal Code.

methamphetamine pipe and a dirk or dagger.  In a search of the vehicle, police found two loaded AR-15 rifles, a polymer handgun in a jig, ammunition, a homemade silencer, and methamphetamine.  The vehicle was registered to Drake.

## II. DISCUSSION

We have reviewed the entire record under *Wende*, *supra*, 25 Cal.3d 436, and *Kelly*, *supra*, 40 Cal.4th 106.  We find no arguable issue on appeal, and we conclude appellate counsel has fully complied with his responsibilities.  (*Wende*, at p. 441.)

## III. DISPOSITION

The judgment is affirmed.

_____
Greenwood, P. J.

WE CONCUR:


_____
Grover, J.


_____
Lie, J.


H052467 People v. Drake